1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

ROKKO M.,

11

Plaintiff,

12

v.

13

COMMISSIONER OF SOCIAL
SECURITY,

14

Defendant.

CASE NO. 2:22-CV-29-DWC

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS

15

16      Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

17   Defendant's denial of Plaintiff's applications for disability insurance benefits ("DIB") and

18   supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil

19   Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by

20   the undersigned Magistrate Judge. *See* Dkt. 4.

21      After considering the record, the Court concludes that the summary provided by Dr.

22   Hirdes is not a medical opinion and the Administrative Law Judge ("ALJ") was not required to

23   evaluate it using the factors provided by the new regulations. Accordingly, the Court affirms the

24   ALJ's decision in finding Plaintiff not disabled.

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 1

1                  <u>FACTUAL AND PROCEDURAL HISTORY</u>

2        On March 12, 2020, Plaintiff protectively filed for DIB, and on October 1, 2020, filed for

3 SSI, alleging a disability onset date of February 28, 2017 in both applications. *See* Dkt. 12;

4 Administrative Record ("AR") 22, 64-65, 70-71. The applications were denied upon initial

5 review and on reconsideration. AR 22, 68, 74.

6        ALJ Angelita Hamilton held a hearing on March 29, 2021 and issued a decision on May

7 28, 2021, finding Plaintiff not disabled AR 19-35, 42-61. The Appeals Council denied Plaintiff's

8 request to review the ALJ's decision, making the ALJ's decision the final decision of the

9 Commissioner. *See* AR 8-12; 20 C.F.R. §§ 404.981, 416.1481.

10        In Plaintiff's Opening Brief, Plaintiff contends the ALJ did not properly evaluate the

11 supportability and consistency of Dr. Steven C. Hirdes's medical opinion.

12                      <u>STANDARD OF REVIEW</u>

13        Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

14 social security benefits if the ALJ's findings are based on legal error or not supported by

15 substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

16 Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

17                        <u>DISCUSSION</u>

18        **Whether the ALJ Properly Evaluated the Medical Opinion**

19        Plaintiff contends the ALJ erred by failing to evaluate the supportability and consistency

20 of Dr. Hirdes's medical opinion. Dkt. 12, pp. 4–13.

21        On August 27, 2019, Dr. Hirdes provided a summary of his findings after conducting a

22 psychological evaluation of Plaintiff on July 25, 2019. AR 317-19. In the first paragraph, Dr.

23 Hirdes wrote, "The purpose of this brief summary is to assist the client with a basic

24

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 2

understanding of the psychological findings, along with the identified diagnostic considerations

and treatment recommendations." AR 317. Dr. Hirdes then included comments about Plaintiff's

intellectual functioning, anxiety, emotional distress, ability to make decisions, depression, and

ability to form relationships. AR 317-18. Dr. Hirdes also included that Plaintiff was diagnosed

with autism spectrum disorder, Leve1 1, unspecified anxiety disorder, and major depressive

disorder. AR 318. Finally, Dr. Hirdes offered "recommendations," stating that providing Plaintiff

with accommodations would "allow her to work at a more slowed pace and deliberate pace," and

that Plaintiff "should work not more than on a part-time basis." *See* AR 319. Dr. Hirdes further

recommended that based on Plaintiff's psychological symptoms, "she should consider making

application for Social Security Disability Services." *See id*.

The ALJ found Dr. Hirdes's summary "unpersuasive," but provided no further

explanation as to why because the ALJ considered it "evidence that is inherently neither valuable

nor persuasive" under 20 C.F.R. § 416.920b(c). *See* AR 28.

Plaintiff filed her applications after March 27, 2017. AR 22, 64, 70. Under the applicable

rules, the ALJ must "articulate how [she] considered the medical opinions" and "how persuasive

[she] find[s] all of the medical opinions" by considering their supportability, consistency,

relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.152c(c),

416.920c(c). The ALJ is specifically required to consider the two most important

factors, supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

The supportability factor requires the ALJ to consider the relevance of the objective medical

evidence and the supporting explanations presented by the medical source to justify their

opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The consistency factor involves

consideration of how consistent a medical opinion is with the other record evidence. 20 C.F.R.

1 §§ 404.1520c(c)(2), 416.920c(c)(2). Under the new regulations, "an ALJ cannot reject an

2 examining or treating doctor's opinion as unsupported or inconsistent without providing an

3 explanation supported by substantial evidence." *Woods*, 32 F.4th at 792. On the other hand, an

4 ALJ need not provide analysis if the evidence is "neither valuable nor persuasive to the issue,"

5 such as decisions by other governmental agencies and nongovernmental entities," and

6 "statements on issues reserved to the Commissioner." *See* 20 C.F.R § 416.920b(c)(1)-(2).

7       Plaintiff argues the ALJ erred because the ALJ rejected Dr. Hirdes's opinion without

8 considering its supportability and consistency. Dkt. 12, p. 9.  In contrast, Defendant argues that

9 what Dr. Hirdes provided was not a medical opinion, but rather statements on issues reserved to

10 the Commissioner. *See* Dkt. 14, p. 2. Thus, according to Defendant, the ALJ did not need to

11 discuss it and its persuasiveness. *See id*. The Court agrees.

12       Under the regulations, a "medical opinion" is a "statement from a medical source about

13 what [a claimant] can still do despite [the claimant's] impairment(s) and whether [the claimant

14 has] one or more impairment-related limitations or restrictions" in the claimant's ability to

15 perform the physical, mental, and other demands of work activities, and adapt to environmental

16 conditions. *See* 20 C.F.R. § 404.1513(2)(i)-(iv).

17       Here, Dr. Hirdes's summary consists mostly of Plaintiff's results from psychological

18 assessments and Dr. Hirdes's impressions of her impairments. *See* AR 317-19. While Dr. Hirdes

19 did provide some comments about Plaintiff's employability, the comments were limited and

20 lacked any functional limitations that speak to Plaintiff's ability to perform work activities

21 despite her impairments. For example, Dr. Hirdes commented on Plaintiff's interest in screen

22 printing, calling it a "reasonable type of employment" as it has "few demands of social

23 interaction," and wrote about "concerns about her ability to manage requirements and obligations

24

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 4

1   of timeliness and efficiency." *See* AR 819. But besides these general statements, ALJ provided

2   no details about her functional limitations, such as how Plaintiff can meet "mental demands of

3   work activities." *See* 20 C.F.R. § 404.1513(a)(2)(ii).

4        Dr. Hirdes also stated that "pronounced levels of accommodations" would allow Plaintiff

5   to work, that "[s]he should work not more than on a parti-time basis," and recommended that she

6   consider applying for Social Security benefits. AR 318. But statements regarding how a claimant

7   is or is not "disabled, blind, able to work, or able to perform regular or continuing work" are

8   statements on issues reserved to the Commissioner, not medical opinions. *See* AR 318-19; 20

9   C.F.R. § 416.920b(c)(3)(i).

10       Plaintiff argues that Dr. Hirdes's statement limiting Plaintiff to part-time work is not a

11   statement reserved to the Commissioner, and cites to a case where this Court found that a

12   statement concerning a claimant's likelihood of sustaining full-time employment is a medical

13   opinion. Dkt. 12, p. 7 (citing *Caroline M.H. v. Comm'r of Soc. Sec.*, No. 2:21-CV-00212-TLF,

14   2021 WL 5937167, at *5 (W.D. Wash. Dec. 16, 2021)). But unlike the statement in that case, Dr.

15   Hirdes's statement here was not an opinion about Plaintiff's "likelihood" of being able to sustain

16   employment. Rather, Dr. Hirdes made a conclusory statement that Plaintiff be limited to part-

17   time work. *See* AR 319.

18       Furthermore, Dr. Hirdes himself wrote that the summary is meant to assist Plaintiff

19   understand his assessments, diagnostic condensations, and treatment recommendations. AR 317.

20   It does not include the work-related functional limitations that would render it a "medical

21   opinion" as defined by the regulations, therefore the ALJ was not required to evaluate it as such

22   and consider its supportability and consistency. Accordingly, the Court finds the ALJ did not err

23

24

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 5

1  in rejecting the statements provided Dr. Hirdes without evaluating its supportability and

2  consistency.

3      Even assuming that Dr. Hirdes's summary is a medical opinion, the ALJ's RFC

4  assessment is nonetheless consistent with Dr. Hirdes's notes. Dkt. 14, p. 3. The ALJ found, in

5  pertinent part, that Plaintiff's "work must be … free of production rate pace." AR 26. Plaintiff

6  contends this portion of RFC is inconsistent with Dr. Hirdes's statement Plaintiff would benefit

7  from working "at a more slowed and deliberate pace" because "free of production rate pace"

8  may entail fast or normal pace. *See* Dkt. 12, p. 12; AR 319. But Plaintiff provides no authority to

9  show that this may be the case. Accordingly, the Court rejects this argument as well.

10                         CONCLUSION

11      Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded

12  Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and

13  this case is dismissed with prejudice.

14      Dated this 27th day of September, 2022.

15

16                         _____
                           David W. Christel
17                         United States Magistrate Judge

18

19

20

21

22

23

24

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 6